1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALCOLM CARRY, | Case No. CV 11-0223 CAS (JCG) |
| Petitioner, | **MEMORANDUM AND ORDER:** |
| v. | **(1)  DISMISSING SUCCESSIVE 28 U.S.C. § 2255 MOTION ERRONEOUSLY STYLED AS 28 U.S.C. § 2241 PETITION; AND** |
| FRANCISCO QUINTANA, Warden, | |
| Respondent. | **(2) DENYING CERTIFICATE OF APPEALABILITY** |

## I.

## INTRODUCTION AND SUMMARY

On January 7, 2011, petitioner Malcom Carry ("Petitioner"), a federal prisoner[1] proceeding *pro se*, filed a document styled as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition/Motion"), challenging his criminal conviction and sentence in the United States District Court for the Eastern District of North Carolina.  This Court has screened the Petition/Motion pursuant to Central District Local Rule 72-3.2.  In reality, the Petition/Motion is nothing more than a

---

[1]Petitioner is currently incarcerated at the Federal Correctional Complex in Adelanto, California.

disguised successive motion pursuant to 28 U.S.C. § 2255, which Petitioner is attempting to file in the wake of the Eastern District of North Carolina's denial of his first § 2255 motion filed in that court. As such, the Petition/Motion must be dismissed without prejudice to Petitioner seeking permission to file a successive § 2255 motion from the Fourth Circuit Court of Appeals.

## II.

## PROCEDURAL HISTORY

Petitioner was convicted on his guilty plea in the U.S. District Court for the Eastern District of North Carolina on the following counts:

(1) conspiracy to commit armed robbery (18 U.S.C. § 371);

(2) interference with commerce by robbery and aiding and abetting (18 U.S.C. § 1951);

(3) brandishing and discharging a firearm during and in relation to a crime of violence and aiding and abetting (18 U.S.C. §§ 2, 924(c)(1)(A)(iii)); and

(4) carjacking (18 U.S.C. § 2119). (Pet./Mot. at 2). *See also United States v. Carry*, E.D. N. Carolina, Case No. 5:04-cr-00167-BO-1, Judgment [Docket No. 89] ("Criminal Judgment"), at 1-2*; U.S. v. Carry*, 204 Fed.Appx. 216, 216 (4th Cir. 2006) (*per curiam*).

He was sentenced to a total of 308 months in prison. (Pet./Mot. at 2.)

Petitioner appealed, and his conviction was affirmed on November 6, 2006. (Pet./Mot. at 2.) *See also U.S. v. Carry*, 204 Fed.Appx. at 216.

Approximately a year later, on November 15, 2007, Petitioner filed a *pro se* motion pursuant to § 2255 to vacate, set aside, or correct his federal sentence and filed a supporting brief a few days later. (*See* U.S. District Court, Eastern District of North Carolina, Case No. 5:04-cr-00167-BO-1, Docket Nos. 119, 121.) Petitioner had appointed counsel at the time he filed the motion, but prepared and filed the motion on his own behalf. Because Petitioner alleged ineffective assistance of his appointed counsel in his *pro se* motion, counsel made a motion to withdraw, which the court

2

granted.  (*See id.*, Docket Nos. 122, 128.)  The court subsequently appointed new counsel to represent Petitioner.  (*See id.*, Docket No. 128.)  His newly-appointed counsel filed a reply brief in support of the motion and represented Petitioner at the evidentiary hearing on the motion.  (*See id.*, Docket Nos. 133, 154.)

After holding the evidentiary hearing, the North Carolina district court denied it. (Pet./Mot. at 4.)  Petitioner appealed, but the United States Court of Appeals for the Fourth Circuit dismissed the appeal on May 13, 2010, because Petitioner failed to make a substantial showing of the denial of a constitutional right, a prerequisite for the issuance of a certificate of appealability.  *See United States v. Carry*, 378 Fed.Appx. 256, 256 (4th Cir. 2010) (*per curiam*).

This federal Petition/Motion followed.

### III.

### DISCUSSION AND ANALYSIS

In the Petition/Motion, Petitioner asserts the following claims:

1) Petitioner's appointed counsel rendered constitutionally ineffective assistance by failing to challenge or vigorously attack the enhancement of his sentence under 18 U.S.C. § 924(c) given that Petitioner had no previous conviction for a firearm violation or for use of a firearm;

2) Petitioner is "actually innocent" of the § 924(c) enhancement criteria and the enhancement is inapplicable to Petitioner because Petitioner "has never been convicted previously of a firearm violation," has "never been incarcerated for more than one year," and "is not a[n] Armed Career Criminal offender";

(3) the enhancement of petitioner's sentence pursuant to § 924(c) violated due process, the Equal Protection Clause, and constituted cruel and unusual punishment; and

(4) there was insufficient evidence to support Petitioner's conviction (on his guilty plea) of conspiracy.

(Pet./Mot. at 3-4.)

Because all these claims could have been raised on appeal or in Petitioner's previous § 2255 motion, this Petition/Motion is a camouflaged successive § 2255 motion, which this Court lacks jurisdiction to consider.

### A.     <u>Legal Standards</u>

Generally, "§ 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir.) (internal quotation marks and citation omitted), *cert. denied*, 129 S.Ct. 254 (2008).  Section 2255 allows a federal prisoner claiming that his sentence was imposed "in violation of the Constitution or laws of the United States" to "move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255(a).

A prisoner may not bring a second or successive § 2255 motion in district court without first seeking and obtaining certification from "a panel of the appropriate court of appeals."  28 U.S.C. § 2255(h); *Harrison v. Ollison*, 519 F.3d at 955.

"Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).  There is an exception – or "escape  hatch" – to this general rule, however: A federal prisoner may file a habeas petition under § 2241 to challenge the legality of a sentence when the prisoner's remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

The exception under § 2255(e) is "narrow" and will not apply "merely because § 2255's gatekeeping provisions," such as the statute of limitations or the limitation on successive petitions, now prevent the courts from considering a § 2255 motion. *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003); *see also, e.g., Lorentsen v. Hood,* 223 F.3d 950, 953 (9th Cir. 2000) (ban on unauthorized successive petitions does not per se make § 2255 "inadequate or ineffective"); *Moore v. Reno*, 185 F.3d 1054, 1055 (9th

1 Cir. 1999) (*per curiam*) (§ 2255 not inadequate or ineffective simply because district

2 court dismissed § 2255 motion as successive and court of appeals did not authorize

3 successive motion).

4      On the other hand, a petition meets the "escape hatch" criteria of § 2255(e)

5 "when a petitioner (1) makes a claim of actual innocence, and (2) has not had an

6 unobstructed procedural shot at presenting that claim." *Harrison*, 519 F.3d at 959. In

7 this context, "actual innocence" is tested under the standard articulated by the Supreme

8 Court in *Bousley v. United States*, 523 U.S. 614 (1998):

9       To establish actual innocence, [a] petitioner must demonstrate that, in

10       light of all the evidence, it is more likely than not that no reasonable juror

11       would have convicted him.

12 *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006) (quoting *Bousley*, 523 U.S. at

13 623).

14      To demonstrate that he never had an "unobstructed procedural shot," a petitioner

15 must show that he never had an opportunity to raise the claim of actual innocence on

16 appeal or in a § 2255 motion. *See Harrison*, 519 F.3d at 960. In making this

17 determination, the court considers "(1) whether the legal basis for petitioner's claim

18 did not arise until after he had exhausted his direct appeal and first § 2255 motion; and

19 (2) whether the law changed in any way relevant to petitioner's claim after that first §

20 2255 motion." *Id.* (internal quotation marks and citation omitted).

21     **B.**    <u>**The Petition/Motion Is a Disguised Successive § 2255 Motion that**</u>

22           <u>**Does Not Meet the Criteria for § 2255(e)'s Escape Hatch Provision**</u>

23      Here, Petitioner seeks to raise claims that challenge his conviction and sentence

24 and that could have been brought on appeal or in his previous § 2255 motion filed in

25 the district in which he was convicted. His only "actual innocence" claim is his claim

26 that he is actually innocent of the charges brought pursuant to 18 U.S.C. § 934(c).

27 (Pet./Mot. at 3.) This "actual innocence" claim fails to meet either criteria for the

28 "escape hatch" provision of § 2255(e).

First, Petitioner has not demonstrated that he is "actually innocent" of violating § 924(c).  As the Supreme Court recently explained, "[t]itle 18 U.S.C. § 924(c)(1)(A) criminalizes using or carrying a firearm during and in relation to any violent or drug trafficking crime, or possessing a firearm in furtherance of such a crime." *Dean v. United States*, __ U.S. __, 129 S.Ct. 1849, 1852 (2009).  In addition to punishment for the underlying crime, an individual convicted of that offense receives a 5-year mandatory minimum sentence, which increases to 7 years "if the firearm is brandished" and to 10 years "if the firearm is discharged." *Id.* (citing §§ 924(c)(1)(A)(i),(ii),(iii)).

Petitioner received a ten year sentence for brandishing and discharging a firearm during and in relation to a crime of violence and aiding and abetting. *See* Criminal Judgment at 1-3; *see also United States v. Carry*, 204 Fed.Appx. at 216.  He does not contend that he is innocent of this crime.  Indeed, he *pled guilty* to its commission. (Pet./Mot. at 2.)  Instead, Petitioner contends that he committed no *previous* crimes involving use of a firearm and served no prior prison terms.  (Pet./Mot. at 3.)  But that has no bearing on whether Petitioner committed the conduct prescribed by § 924(c). *See Abbott v. United States*, __ U.S. __, 131 S.Ct. 18, 28 (2010) (explaining that if a first-time offender brandished a firearm during a drug sale, "[t]he first-time offender . . . would serve a seven-year § 924(c) sentence on top of [the] . . . drug sentence").

Second, Petitioner has not demonstrated that he never had an unobstructed procedural shot at presenting this claim or any of his current claims.  He contends that he was unable to raise his currently asserted claims previously because his appointed counsel did not "effectively" attack his sentence enhancement or present his ineffective assistance of counsel claims.  (Pet./Mot. at 5.)  The fact is, however, that *Petitioner* submitted *his own* § 2255 motion and the attorney who ultimately represented him was appointed after the motion was filed.  Petitioner has not shown that there was any change in the law or that his claims otherwise "did not become available" until after the North Carolina district court's denial of his first § 2255 motion. *See Harrison v. Ollison*, 519 F.3d at 960.  Nothing prevented him from raising his currently asserted

claims in the § 2255 motion he filed in the Eastern District of North Carolina.

Thus, the Petition/Motion, which raises claims challenging Petitioner's Eastern District of North Carolina conviction and sentence, is a successive § 2255 motion thinly cloaked behind § 2241.  This Court has no jurisdiction to hear such a successive motion.

## IV.

## ORDER

For the foregoing reasons, the Court finds that the Petition/Motion is a disguised successive § 2255 motion.  Because this Court has no jurisdiction to hear such a motion, IT IS ORDERED THAT the action shall be dismissed without prejudice to Petitioner seeking permission from the Fourth Circuit Court of Appeals to file a successive § 2255 motion in the Eastern District of North Carolina and that judgment be entered accordingly.

IT IS FURTHER ORDERED THAT a Certificate of Appealability ("COA") is denied because Petitioner has not shown that jurists of reason would find it debatable whether the Court was correct in its procedural ruling.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that when a court dismisses a petition on procedural grounds, a COA should issue only when "a prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.") (emphasis added).

DATED: February 1, 2011

_Christine A. Snyde_

_____
HON. CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE